IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THOMAS A. COUSINO,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN TOM WATSON,<br><br>Respondent. | CASE NO. 3:25-cv-01042<br><br>DISTRICT JUDGE<br>PAMELA A. BARKER<br><br>MAGISTRATE JUDGE<br>JAMES E. GRIMES JR.<br><br>**REPORT &<br>RECOMMENDATION** |

Thomas A. Cousino filed a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. Doc. 1. Cousino is currently in custody at the North Central Correctional Institution serving a 13-year aggregate sentence of imprisonment imposed by the Sandusky County Court of Common Pleas in *State v. Cousino*, Case No. 17cr157. The Court referred this matter to a Magistrate Judge under Local Rule 72.2 for the preparation of a Report and Recommendation. For the following reasons, I recommend that the Court dismiss Cousino's petition.

## Procedural background

In 2017, a Sandusky County grand jury returned a 25-count indictment, charging Cousino with, among other charges, sexual battery, in violation of Ohio Revised Code § 2907.03(A)(5), gross sexual imposition, in violation of Ohio Revised Code § 2907.05(A)(1), and two counts of pandering sexually oriented material involving a minor, in violation of Ohio Revised Code § 2907.322(A)(1).

Doc. 7-1, at 3–10. Cousino entered a guilty plea to these four counts in July 2017. *Id.* at 13–16. On August 25, 2017, the trial court entered judgment finding Cousino guilty of the four counts to which he pleaded guilty and sentenced him to an aggregate term of 13 years' imprisonment. *Id*. at 18–20.

Cousino filed a notice of appeal in September 2017. Id. at 21. In his supporting brief, he asserted that:

> The trial court failed to make the requisite findings under Ohio Revised Code Section 2929.14(C)(4) justifying the imposition of consecutive sentences on the Appellant.

*Id.* at 22–31.

Ohio's Sixth District Court of Appeals reversed in June 2018, holding that the trial court "failed to properly consider" certain "factors required under [Ohio Revised Code §] 2929.14(C)(4) before imposing consecutive sentences." *State v. Cousino*, 2018-Ohio-2589, 2018 WL 3203135, at *4 (Ohio Ct. App. 2018).

The trial court held a resentencing hearing on July 13, 2018. *See* Doc. 7-1, at 47–49. During the hearing, the trial court again sentenced Cousino to an aggregate term of 13 years' imprisonment. *Id*. at 48. Cousino did not appeal the trial court's judgment.

Instead, over four years later on March 5, 2023, Cousino filed in the trial court a "motion to request return of property." *Id*. at 50–58. In his motion, Cousino asserted that although he pleaded guilty, he "did not agree to forfeit his very expensive cell phone." *Id*. at 53. He then asserted that without a search

warrant, "the officers in [his] case" lacked the authority to seize his cell phone. *Id.* at 54. According to Cousino, under Ohio Revised Code § 2981.04(B), he could plead guilty "while contesting [his indictment's] forfeiture specification." *Id.* at 56. Based on his review of case law and Ohio statutes, Cousino asked the trial court to order authorities to return his phone to him. *Id.* at 58.

In an order filed on March 13, 2023, but "journalized" on March 14, 2023, the trial court denied Cousino's motion. *Id.* at 63.

Cousino filed a notice of appeal in April 2023. *Id.* at 64. In his supporting brief, he argued that "the trial court erred in denying [his] [Ohio Revised Code §] 2981.03(A)(4) motion for return of property." *Id.* at 69–77.

The court of appeals affirmed on January 12, 2024. *See State v. Cousino*, 2024-Ohio-114, 2024 WL 150343 (Ohio Ct. App. 2024). Noting that Cousino "chose to seek the return of his property in the present action pursuant to [Ohio Revised Code §] 2981.03(A)(4)," the court remarked that Cousino's decision to proceed under that provision "precludes him from succeeding in [his] appeal." *Id.* at *1.

The court of appeals explained that when a motion under Section 2981.03(A)(4) is filed after indictment, a trial court must "treat the motion as a motion to suppress evidence." *Id.* at *2 (quoting Ohio Rev. Code § 2981.03(A)(4)). The court then rejected Cousino's argument that "he was denied the opportunity to receive a determination as to 'whether or not [his] property was lawfully seized,'" holding that Cousino could not "allege that the

3

seizure of his phone was unlawful in light of his guilty plea in the underlying criminal action." *Id.* According to the court of appeals, "[a] defendant [who] voluntarily, knowingly, and intelligently enters a guilty plea with the assistance of counsel 'may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the guilty plea.'" *Id.* (quoting *State v. Fitzpatrick*, 810 N.E.2d 927, 940 (Ohio 2004)). The court then remarked:

> Here, appellant filed his motion long after his indictment. The trial court was obligated to treat is as a motion to suppress pursuant to R.C. 2981.03(A)(4). Appellant, however, waived his right to file a motion to suppress evidence against him at the time he entered his guilty plea. Id. at ¶ 10; Fitzpatrick at ¶ 78. Therefore, appellant cannot now argue that the seizure of his cell phone was unlawful and the trial court did not err in denying his motion without a hearing. For these reasons, we find appellant's single assignment of error not well-taken.

*Id.*

Cousino filed a notice of appeal with the Ohio Supreme Court. Doc. 7-1, at 85–86. In his memorandum in support of jurisdiction, Cousino raised one proposition of law:

> An appellate court abuses its discretion when it misapplies a statute.

*Id.* at 87–98. On May 14, 2024, the Ohio Supreme Court declined under Rule 7.08(B)(4) of its rules of practice to accept jurisdiction. *Id.* at 107.

4

*Federal habeas corpus petition*

On May 5, 2025, Cousino filed a federal habeas corpus petition under 28

U.S.C. § 2254.[1] Doc. 1. The petition raises one ground for relief:

> GROUND ONE: Fourth Amendment right against unreasonable search and seizure.
>
> Supporting Facts: Petitioner filed a motion for return of property after the indictment and therefore the motion was required to be treated as a motion to suppress evidence used in the pandering sexually-oriented material involving a minor. The State failed to provide an opportunity for a full and fair litigation of the Fourth Amendment claim when it denied holding a hearing on the matter.

Doc. 1, at 5. The Warden filed a return, Doc. 7, and Cousino filed a traverse,

Doc. 8.

**Law and Analysis**

*Cousino's Petition is time-barred*

In his return, the Warden argues that Cousino's petition is untimely.

Doc. 7, at 6–8. I agree.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No.

104–132, 110 Stat. 1214, provides a one-year limitations period in a habeas

action brought by a person in custody from a state court judgment. Under 28

U.S.C. § 2244(d)(1), the limitation period runs from the latest of—

---

[1] A petition is deemed filed when a petitioner places it the prison mailing system. *Houston v. Lack*, 487 U.S. 266, 270 (1988). Cousino states that he placed his Petition in the prison mailing system on May 5, 2025. Doc. 1, at 15.

(A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The analysis starts with subparagraph (A). Under that provision, a judgment becomes final at the "conclusion of direct review or [on] the expiration of the time for seeking such review." The trial court entered its judgment after Cousino's resentencing on July 13, 2018. *See* Doc. 7-1, at 47–49. Because the thirtieth day after July 13, 2018, fell on a Sunday, Cousino had 31 days—until Monday, August 13, 2018—to file an appeal with the Ohio court of appeals. *See* Ohio App. R. 4(A)(1), 14(A). But Cousino did not file an appeal with that court. So, unless an exception applies, his conviction became final on August 14, 2018. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); *see also Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000) (the statute of

limitations begins running the day after the event or default). Cousino thus had until August 14, 2019, to file his habeas petition.

As noted, however, Cousino filed his habeas petition on May 5, 2025, several years too late. Unless Cousino's time to file his petition was tolled, therefore, his petition is untimely.

To be sure, there is no apparent basis that 28 U.S.C. § 2244(d)(1)(B) or (C) could apply. This is the case because Cousino doesn't claim that there was an impediment that prevented him from filing his petition and he does not rely on a newly recognized constitutional right.

This leaves Section 2244(d)(1)(D). Cousino's petition concerns the seizure of his phone. But "the date on which the factual predicate of [Cousino's] claim … could have been discovered through the exercise of due diligence" was sometime before Cousino pleaded guilty. 28 U.S.C. § 2244(d)(1)(D). Even if Cousino had attempted to rely on subparagraph (D), which he hasn't, it would not render his petition timely.

Notably, the pendency of a "properly filed" post-conviction application can toll the one-year statute of limitation. *See* 28 U.S.C. § 2244(d)(2); *Bronaugh*, 235 F.3d at 282–83. But the statutory tolling provision does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (citation

omitted). And this matters here because although Cousino filed, and Ohio's courts considered, Cousino's "motion to request return of property," Doc. 7-1, at 50–58, he filed that motion well after the date in August 2019 when his filing period expired. Cousino therefore cannot therefore rely on statutory tolling to render his petition timely.

Instead of attempting to show that his petition is timely, Cousino says that he is entitled to equitable tolling. Habeas petitioners may be entitled to "equitable tolling" if they have been "'pursuing [their] rights diligently'" and "'some extraordinary circumstance'" prevented them from timely filing their habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A habeas "petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011).

The problems for Cousino as to equitable tolling are two-fold. First, he points to trial counsel's alleged failure to investigate whether police had a warrant for Cousino's phone, appellate counsel's statement that Cousino's guilty plea limited his ability to appeal, and trial counsel's and the trial court's "understate[ment]" of his appellate rights.[2] Doc. 8, at 9–10. All of these things, however, happened years ago. Second, even putting aside the fact that he never raised any of these matters before Ohio's courts, Cousino doesn't claim that in

---

[2]      Cousino also discusses appellate arguments that might survive a guilty plea. Doc.8, at 9–10. But he doesn't explain what this line of discussion has to do with whether he is eligible for equitable tolling.

the time since these events occurred several years ago, he has been "'pursuing his rights diligently'" and "'some extraordinary circumstance'" prevented him from timely filing his habeas petition. *Holland*, 560 U.S. at 649. Given his burden, *see Ata*, 662 F.3d at 741, Cousino's failure to support his equitable tolling claim is fatal to his argument about it.

Further, even if Cousino's petition were timely, which it isn't, his petition would fail. Cousino asserts that authorities violated his Fourth Amendment rights when they seized his phone. Doc. 1, at 5. Putting aside whether this claim was exhausted or procedurally defaulted, Cousino pleaded guilty, thereby extinguishing any antecedent Fourth Amendment claim.[3] *Haring v. Prosise*, 462 U.S. 306, 321 (1983) ("when a defendant is convicted pursuant to his guilty plea rather than a trial, the validity of that conviction cannot be affected by an alleged Fourth Amendment violation because the conviction does not rest in any way on evidence that may have been improperly seized"); *United States v. Mendez-Santana*, 645 F.3d 822, 829 (6th Cir. 2011) (citing *United States v. Lang*, 46 F. App'x. 816, 817–818 (6th Cir. 2002) for the proposition that an "unconditional guilty plea waived right to raise on appeal a Fourth Amendment search and seizure claim"); *see United States v. Gibson*, 625 F. App'x 310, 312 (6th Cir. 2015). Moreover, because Ohio provides a mechanism for litigating Fourth Amendment claims, *see Riley v. Gray*, 674

---

[3]     Especially when the merits are easily resolved, the Court has discretion to deny a petition on the merits despite an alleged procedural default. *Borns v. Chrisman*, 167 F.4th 335, 347 (6th Cir. 2026); *see* 28 U.S.C. § 2254(b)(2).

F.2d 522, 526 (6th Cir. 1982), Cousino's Fourth Amendment claim is not cognizable in this federal habeas proceedings, *see Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013).

Cousino, however, says that the "state failed to provide an opportunity for a full and fair litigation of the Fourth Amendment claim *when it denied holding a hearing on the matter*." Doc. 1, at 5 (emphasis added). The hearing that Cousino references is a hearing on his 2023 motion to return property. *See* Doc. 1-1, at 2, Doc 7-1, at 74 (arguing that "[t]he trial court failed to hold a hearing on the motion—as required by the statute"). The "procedural mechanism for the litigation of fourth-amendment claims" to which *Good* refers, however, is not a motion to return property filed years after a conviction. 729 F.3d at 638. It is instead the ability to file and litigate a pretrial suppression motion. *See id.* at 640. And even if *Good* concerned a motion to return property filed years after a conviction, no Supreme Court precedent "establish[es] that the Due Process Clause ever requires an evidentiary *hearing* on a Fourth Amendment suppression motion." *Id.* (emphasis added).

The Court should dismiss Cousino's petition.

**Conclusion**

For the reasons set out above, I recommend that the Court dismiss Cousino's Petition.

Dated: May 6, 2026

/s/*James E. Grimes Jr.*
James E. Grimes Jr.
U.S. Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).